IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>OMG AMERICAS, INC.,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:10-CV-1027-TC-PMW |

This matter comes before the court on appeal from the United States Magistrate Judge's decision denying Defendant OMG Americas, Inc.'s motion to withdraw its jury demand.[1] (See OMG's Objection to Magistrate Order (Doc. No. 96) (appealing Sept. 29, 2013 Mem. Decision & Order (Doc. No. 91).) The court must determine whether the magistrate judge's decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Based on a review of the pleadings before the magistrate judge and this court, the procedural history of this case, case law, and Federal Rules of Civil Procedure 38 and 39, the court finds that the magistrate judge's decision was not contrary to law or clearly erroneous, and so the court AFFIRMS the magistrate judge's decision for the reasons set forth below.

---

[1] All non-dispositive pretrial matters in this case were referred to United States Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(A).

**PROCEDURAL BACKGROUND**

Because timing and nature of the parties' procedural motions and related actions throughout this case are important to the court's analysis, the court sets forth a timeline of relevant events.

On January 3, 2011, Plaintiff Commonwealth Land Title Insurance Company (Commonwealth) filed its Amended Complaint for Declaratory Judgment (Doc. No. 8) in this insurance coverage case against Defendant OMG Americas, Inc. (OMG). Commonwealth asserted a claim for declaratory judgment that no coverage existed under the $3 million title insurance policy (Policy) Commonwealth issued to OMG. Commonwealth did not demand a jury trial.

On January 20, 2011, OMG answered the complaint and filed a counterclaim against Commonwealth, in which it exercised its right to a jury trial under Federal Rule of Civil Procedure 38(a). (See Doc. No. 14.) OMG counterclaimed for declaratory judgment on the issue of coverage (essentially a mirror-image of Commonwealth's request for declaratory judgment) and for breach of the Policy. On February 9, 2011, Commonwealth filed its answer to OMG's counterclaim and did not include a jury request. (See Doc. No. 17.)

On May 5, 2011, the attorneys held their Rule 26(f) initial pretrial conference, and on May 16, 2011, they filed their Attorneys' Planning Meeting Report (Doc. No. 19) with the court. In the Report, under the section labeled "Trial and Preparation for Trial," the Report specified that a jury trial would be held. That specification, however, was immediately qualified by the following language: "A jury trial has been requested by OMG Americas. Commonwealth contests the right to jury trial in the present action." (Id. at 7.) Based on the Report, the court

issued a Scheduling Order on May 25, 2011 (Doc. No. 20), in which the court tentatively set a four-day jury trial. But that designation was tentative because, immediately below the designation, the court included the following qualifying language: "A jury trial has been requested by OMG Americas. Commonwealth contests the right to jury trial in the present action. This order does not determine the issue." (Id. at 5 (emphasis added).)

The case was later bifurcated into liability and damage phases, because if the court found no coverage, the damages issue would be moot. (See May 16, 2011 Report of Attorney Planning Meeting (Doc. No. 19) at 3 (discussing different stages of discovery because of issue bifurcation).) As Commonwealth notes, "Bifurcation would potentially allow the parties to save considerable time and resources because if the Court determined at the liability stage that there was no coverage available, it would have terminated the lawsuit, rendering discovery into damages and a trial moot." (Pl.'s Mem. Opp'n Mot. Withdraw Jury Demand (Doc. No. 80) at 3.)

In December 2011, the parties filed cross motions for summary judgment on the liability issue of coverage (and the related liability issue of breach of contract). (See OMG's Mot. Partial Summ. J. (Doc. No. 29); Commonwealth's Mot. Summ. J. (Doc. No. 32).) In October 2012, the court issued an Order and Memorandum Decision finding that OMG's loss was covered under the Policy. (See Oct. 12, 2012 Order & Mem. Decision (Doc. No. 64).) On December 11, 2012, the parties had a telephone conference during which Commonwealth told OMG it wanted a jury trial in response to OMG's statement that it would be withdrawing its jury demand.[2] (See Def.'s

---

[2]The court does not consider OMG's representation that Commonwealth had an ex parte conference call with a representative of the court during which it expressed its desire for a jury trial and that the parties had agreed to a jury trial. The person asserting that in his affidavit does not present any evidence that he had personal knowledge of the conversation. Even if that is what

3

Reply in Support of Mot. Withdraw Jury Demand (Doc. No. 82) ¶ 1.)

The jury trial issue did not arise again until December 21, 2012, when the parties filed a Joint Motion To Revise Pre-Trial and Trial Schedule. (See Doc. No. 68.) They noted that, in light of the court's ruling on the coverage issue, "only the damages phase of this case remains for trial." (Id. at 2.) The parties proposed a four-day trial beginning in September 2013. They did not designate the trial as a bench trial or a jury trial. Instead, in an attached footnote they wrote, "If no agreement can be reached, the Parties agree to have the Court determine whether a right to a jury trial exists in this manner." (Id. at 3 n.4.) On January 4, 2013, the court issued a Scheduling Order Revising Pre-Trial and Trial Schedule. (Doc. No. 70.) That order set a "Four Day Jury Trial." (Doc. No. 70 at 2 (emphasis added).)

On February 1, 2013, OMG filed a Motion to Withdraw its Jury Demand. (See Doc. 74.) On the same day, thirty minutes after OMG filed its motion, Commonwealth filed a Notice of Plaintiff's Withdrawal of Objection to Jury Trial (Doc. No. 76).

In September 2013, the magistrate judge denied OMG's motion to withdraw the jury demand.[3] (See Sept. 9, 2013 Mem. Decision & Order (Doc. No. 91) at 7-9.) OMG now appeals that ruling, contending that the magistrate judge failed to address its primary argument that an objection removes any right to invoke Federal Rule of Civil Procedure 38(d) (which requires all parties' consent before a jury request may be withdrawn).

---

occurred, it does not have any relevance to the court's decision.

[3]The court notes that an Amended Scheduling Order was issued after the order denying the request to withdraw the jury trial demand. (See Nov. 2013 Order (Doc. No. 94).) Although the language in the order did not indicate whether the trial would be a jury trial or a bench trial, the text of the docket entry set a "4-Day Jury Trial" for November 10, 2014.

ANALYSIS

In his order, the magistrate judge found, as OMG had argued, that Commonwealth waived its right to a jury trial when it (1) failed to make a timely jury request; and (2) objected to OMG's request for a jury trial. (See Sept. 29, 2013 Mem. Decision & Order (Doc. No. 91) at 8.) But the magistrate judge did not agree with the remainder of OMG's argument, in which OMG contended that Commonwealth's objection curtailed Commonwealth's right under Rule 38(d) to withhold consent to a withdrawal. Rule 38(d) provides that "[a] proper [jury] demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d) (emphasis added). Similarly, Rule 39(a)(1) provides that "[t]he trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a)(1) (emphasis added).[4] OMG asserted that this case qualifies for a "clear exception to the general rule that jury demands may only be withdrawn with the consent of the parties." (OMG's Mot. Withdraw Jury Demand (Doc. No. 74) at 4.) The magistrate judge, however, found that OMG could not unilaterally withdraw its jury request, even in light of Commonwealth's objection: "The court [concludes] that Commonwealth's objection to a jury trial during the attorney planning meeting [does not excuse] OMG from complying with the consent requirements of Rules 38(d) and 39(a)(1)." (Sept. 2013 Order at 9.)

The magistrate judge's analysis did not expressly address OMG's argument that (a) Commonwealth's initial objection automatically removed any right to object to withdrawal

---

[4]OMG attempts to limit the analysis to Rule 38. (See OMG's Objection (Doc. No. 92) at 2, 7.) But Commonwealth's Notice of withdrawal implicates both Rules 38 and 39, which overlap because they require consent to withdraw an existing jury request.

5

under Rule 38(d), or (b) that Commonwealth, by maintaining its initial objection for so long, waived any rights it had, whether under Rule 38 or Rule 39. For clarification, and to directly address OMG's argument, the court issues this order, which adopts the result reached by the magistrate judge.

OMG relies on Reid Bros. Logging Co. v. Ketchikan Pulp Co., 699 F.2d 1292 (9th Cir. 1983), to support its position. In Reid, when the defendant opposed the plaintiff's attempt to withdraw its jury demand, the court held that the defendant who had opposed plaintiff's demand for a jury trial waived its right to object to the plaintiff's withdrawal request. OMG likens Commonwealth's actions (i.e., its objection to a jury trial in the Attorneys' Planning Meeting Report (Doc. No. 19) and its renewal in a subsequent planning meeting report and a scheduling order) to the behavior in Reid. But Reid is distinguishable.

The court in Reid pointed to the defendant's "consistent efforts" to defeat the plaintiff's jury demand, holding that such efforts demonstrated a lack of reliance on the initial jury demand and that the defendant had waived any right to object under Rule 38 and Rule 39. Those "consistent efforts" included a motion to strike the jury demand and a renewal of that motion. The court held that the defendant "unambiguously and determinedly acted to defeat [the plaintiff's] jury request[.]" Id. at 1305.

Here, under all of the circumstances, the court finds that the actions of Commonwealth were ambiguous and tentative. Commonwealth's objection materialized in pre-trial scheduling orders and did not rise to the level of opposition in Reid. Commonwealth never filed a motion to have the issue resolved. The default procedural posture of the case was trial by jury, as is demonstrated by the language in subsequent documents, which assumed a jury trial absent a

contrary ruling by the court. Commonwealth did not move the court to strike the jury demand, argue against its validity in open court, or present arguments against the right to a jury. The only filing Commonwealth made to assure a jury trial on damages was its Notice to withdraw its objection. And that Notice was filed only after OMG affirmatively filed a motion without the requisite consent of Commonwealth.

The court finds the decision in Tanvir v. LaPorte, 169 F.R.D. 292 (S.D.N.Y. 1996), more persuasive here. In Tanvir, the court held that the plaintiff did not waive its right to a jury trial under Rule 38, but even if it did, reinstatement of the jury demand was warranted under Rule 39. The initial question was whether the defendant had stipulated to withdrawal of the plaintiff's jury demand. The Tanvir court, based on ambiguous statements and the lack of any formal motion, found the situation "doubtful." Id. at 294. That court held that any actions suggesting waiver were not "clear and unequivocal." Id. The Tanvir court then held that even if a waiver occurred, it was appropriate for the court to exercise its discretion under Rule 39, and so it granted a jury trial. The same result should be reached here. See also SEC v. Masri, 551 F. Supp. 2d 320, 322 (S.D.N.Y. 2008) (looking for "strong and clear opposition to a jury trial" under Rule 39, the court found that the ambiguous record about the plaintiff's alleged attempts to defeat a request for jury trial did not allow the defendant to unilaterally withdraw its jury demand).

The court retains considerable discretion under Rule 39 to allow a jury trial.[5] "Under Fed.

---

[5]Federal case law favors jury trials on issues typically reserved for juries. "[A]bsent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." Nissan Motor Corp. in U.S.A. v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992) (citing AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir. 1965)).

7

R. Civ. P. 38(d), failure to so demand [a jury trial] constitutes a waiver of trial by jury, but a trial court retains <u>discretion upon motion</u> under Fed. R. Civ. P. 39(b) to order a jury trial when one was not properly demanded under Rule 38." <u>FDIC v. Palermo</u>, 815 F.2d 1329, 1333 (10th Cir. 1987) (emphasis added) (citing <u>Paramount Pictures Corp. v. Thompson Theaters, Inc.</u>, 621 F.2d 1088, 1090 (10th Cir. 1980)). The language "upon motion" has been liberally construed by the Tenth Circuit:

> Although Rule 39 provides for the court's discretion to be invoked by motion, "some similar manifestation of the desire of a party to have a jury trial" will suffice. . . . When the <u>request for a jury trial is made in a manner sufficient to bring it to the attention of the court and the other parties</u> . . ., the failure to file the request as a "motion" should not be deemed fatal.

<u>Id.</u> at 1333-34 (quoting 9 C. Wright & Miller, Fed. Practice & P. § 2334 at 112 (1971)) (emphasis added). The court finds that Commonwealth's Notice (Doc. No. 76) was a request "sufficient to bring it to the attention of the court" and OMG.

In light of a party's request for a jury under Rule 39, courts have considered "(1) whether the action is typically the type of case tried to a jury; (2) whether the parties have proceeded on the assumption that the case would be tried before a jury; and (3) whether the party would be unduly prejudiced if the action were tried before a jury." <u>Tanvir</u>, 169 F.R.D. at 294. "Any prejudice alleged must arise from the untimeliness of the jury demand and not simply from the possibility of a jury trial." <u>Id.</u>

The three factors weigh in favor of Commonwealth. First, monetary damages under an insurance policy and breach of contract are typically legal issues for a jury. <u>See</u> 17 Couch on Ins. § 246:10 ("The assessment of the loss and the amount of recovery to which the insured is entitled generally are regarded as fact questions for the jury.").

Second, the objection to the jury demand never truly surfaced and the parties, absent any affirmative ruling by the court, proceeded on the assumption that a jury would address the damages portion of the case. Because Commonwealth did not actively oppose OMG's jury request, it arguably relied on OMG's initial request. See Masri, 551 F. Supp. 2d at 322 ("The cases in which courts have rejected a party's claims of reliance involve explicit, forceful opposition as evidenced by consistent resistance, on the record, to a jury trial, for example, motions to strike the jury demand."). But even if Commonwealth did not initially rely on OMG's jury request, the procedural status of the case changed when the court issued its decision on coverage. At that point, Commonwealth had a reason to rely on the jury demand.

In its complaint, Commonwealth sought a declaration that no coverage existed under the Policy based on a policy exclusion. Interpreting a title insurance policy exclusion is typically a question of law for the court. Valley Bank & Trust Co. v. U.S. Life Title Ins. Co. of Dallas, 776 P.2d 933, 935 (Utah Ct. App. 1989). Arguably, Commonwealth did not see the need to request a jury in a declaratory judgment action seeking a decision on whether coverage existed under an insurance policy. This would, at least in part, explain Commonwealth's failure to request a jury trial in its complaint and answer to OMG's counterclaim (when the coverage issue was paramount). The subsequent bifurcation of issues into coverage and damages would also explain Commonwealth's failure to file a motion actively seeking to remove OMG's jury request and Commonwealth's official change of heart when it filed its Notice in wake of OMG's request to withdraw its jury demand. (See Commonwealth's Mem. Opp'n Mot. Withdraw Jury Demand (Doc. No. 80) at 2 ("Damages is the only matter remaining for determination because this Court's October 12, 2012 partial summary judgment order determined the declaratory judgment

claim for coverage. Dkt. 64 [holding that coverage exists under the Policy]. That ruling mooted whether a jury trial right existed on a coverage determination. See Dkt. 19."].) In essence, the jury question did not come to the forefront until the prospect of a non-jury trial truly became an issue) (that is, after the court found coverage and OMG filed its motion to withdraw its jury request). Based on all of the circumstances, the court concludes that until OMG filed its motion to withdraw its jury demand, the parties proceeded on the assumption that the case would be tried before a jury.

As for the third factor, there is no evidence that OMG would be unduly prejudiced if the damages issue were tried to a jury. Commonwealth's Notice of its desire for a jury trial occurred in February 2013. In September 2013, the magistrate judge denied OMG's request to change the procedural status of the case to that of a bench trial. During that time, and even pending this court's ruling on OMG's objection to the magistrate's denial of OMG's request to withdraw its jury demand, a jury request remained in place. Trial is not scheduled to occur until November 10, 2014 (see Doc. No. 94), six months from now. OMG has sufficient time to prepare its case for presentation to a jury and is not prejudiced by the court's decision.

Given that courts favor jury trials, that Commonwealth's actions were ambiguous, that Commonwealth had an arguable basis for bringing the initial objection and then withdrawing its objection, and that the court has considerable discretion under Rule 39, the court denies OMG's motion to withdraw its jury demand and recognizes Commonwealth's withdrawal of its objection to a jury trial as a justified Rule 39 jury request.

**ORDER**

For the foregoing reasons, the United States Magistrate Judge's order (Doc. No. 91) is

10

AFFIRMED on the basis that it is not clearly erroneous or contrary to law. OMG's Motion to Withdraw its Jury Demand is DENIED, and Commonwealth's implicit request for a jury trial under Rule 39(b) is GRANTED.

DATED this 2nd day of June, 2014.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge